IN THE CIRCUIT COURT FOR TALBOT COUNTY, MARYLAND

| | |
|---|---|
| **DR. LARRY WISE** <br> 105 Willis Avenue <br> Easton MD 21601 | * <br><br> * |
| *Plaintiff*, | * |
| v. | *     Case No. C-20-CV-22-000083 _____ |
| **UNIVERSITY OF MARYLAND** <br> **MEDICAL SYSTEM CORPORATION** <br> 250 West Pratt Street, 24th Floor <br> Baltimore, Maryland 21201 | * <br><br> * |
| Serve On: | * |
| Adil A. Daudi <br> Resident Agent <br> 250 West Pratt Street <br> Baltimore, Maryland 21201 | * <br> * <br><br> * |
| *Defendant*. | * |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## COMPLAINT AND JURY DEMAND

Now comes Plaintiff, Dr. Larry Wise, by and through counsel, and for his Complaint against Defendant, University of Maryland Medical System Corporation ("UMMS"), states as follows:

## JURISDICTION AND VENUE

1. This is a proceeding for damages and injunctive relief to redress the deprivation of rights secured to Plaintiff, Dr. Larry Wise ("Dr. Wise" or "Plaintiff"), by Title VII of the Civil Rights Act of 1964 ("Title VII") that he suffered at the hands of Defendant, University of Maryland Medical System Corporation ("UMMS" or "Defendant"), when Defendant failed to hire Dr. Wise on the basis of his race.

2. Dr. Wise, a resident of the State of Maryland, filed a Charge of Discrimination ("Charge") against UMMS with the Maryland Commission on Civil Rights and the U.S. Equal Employment Opportunity Commission on May 1, 2020, complaining of discrimination on the basis of race as alleged herein.

3. More than 180 days have elapsed since Dr. Wise filed his Charge against UMMS.

4. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.

5. As the unlawful employment practices complained of herein occurred within Talbot County, Maryland, venue is proper. Plaintiff has suffered damages, and the amount sought is in excess of $75,000.00.

## PARTIES

6. Plaintiff, Dr. Larry Wise, is a resident of the State of Maryland who was offered employment by Defendant on or around Friday, August 19, 2019, which was constructively withdrawn on or around December 2019. Dr. Wise was offered employment by UMMS as a Staff Psychiatrist and Director at the University of Maryland Shore Medical Center at Easton, located at 219 S. Washington Street Easton, MD 21601, and the employment practices complained of herein occurred in Talbot County, Maryland. Plaintiff is a person entitled to protection pursuant to the provisions of Title VII. Dr. Wise is Black, and the offer of employment granted to him by Defendant was constructively withdrawn and given to a doctor who is white. As such, Dr. Wise belongs to a protected class on the basis of race within the meaning of Title VII. From the time Dr. Wise received Defendant's offer of employment to the present, Dr. Wise was qualified for the position offered to him.

7. Defendant, UMMS, is a University-based regional health care system focused on serving the health care needs of Maryland organized pursuant to the laws of the State of Maryland with its principal place of business located in Baltimore City at 250 West Pratt Street, 24th Floor, Baltimore, Maryland 21201. Defendant is an "employer" within the meaning of Title VII.

8. The facts demonstrate that Dr. Wise is a victim of unlawful discrimination based on his race. UMMS discriminated against Dr. Wise because of his race in violation of Title VII and treated him disparately to his detriment based on his race. Dr. William Huffner— Chief Medical Officer and Senior Vice President of Medical Affairs at University of Maryland Shore Medical Center at Easton —fabricated pretextual reasons for failing to support Dr. Wise's candidacy, and UMMS constructively withdrew Dr. Wise's offer of employment in favor of a less qualified white candidate.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Dr. Wise is a Black man and a licensed psychiatrist.

10. Dr. Wise is currently licensed to practice medicine in Maryland and Delaware.

11. On or around June 20, 2019, Dr. Wise was in contact with Ms. Brittany Eaton, a Physician Recruiter at UMMS.

12. On or around June 28, 2019, Ms. Eaton forwarded Dr. Wise's curriculum vitae to Dr. Eric Anderson, an employee of UMMS, to review for open positions at UMMS.

13. On or around July 17, 2019, Ms. Eaton reached out to Dr. Wise to schedule a site visit to the University of Maryland Shore Medical Center at Easton ("UMSME").

14. Between June 20, 2019 and August 9, 2019, Dr. Wise submitted a variety of application materials to the Defendant and participated in on-site interviews, including a conversation with a Dr. Timothy J. Shanahan.

15. Among the application materials required of and submitted by Dr. Wise were requests for admitting privileges at UMSME and documents in support.

16. Dr. Wise was required to apply for clinical privileges at UMSME for general psychiatry, telepsychiatry, and geriatric psychiatry, but not for child and adolescent psychiatry.

17. On information and belief, Dr. Wise was the only candidate for the position of Staff Psychiatrist and Director at UMSME between June 20, 2019 and August 9, 2019. That is to say, there were no white candidates.

18. At all times, Dr. Wise accurately represented that he was not Board Certified by the American Board of Psychiatry and Neurology ("ABPN"), but that he was willing to complete continuing education and was scheduled to take examinations to become Board Certified.

19. At no time was Dr. Wise informed that completed Board Certification was a precondition of hire and indeed he was offered employment by Defendant with Defendant's knowledge that he was not Board Certified, which posed no issue to Defendant given its offer to Dr. Wise.

20. On or around August 9, 2019, Dr. Wise was offered employment as a Staff Psychiatrist and Director (a department head position) at UMSME, and a letter of intent was sent for him to execute by a Ms. Susan Oross, a Physician Compensation and Contracts Analyst at UMMS.

21. The letter of intent contemplated an annual salary of $252,902, a signing bonus of $20,000, incentive pay, and benefits to include health, dental, life, and disability insurance as well as a retirement plan, continuing education, and malpractice insurance.

22. Dr. Wise promptly accepted the offer of employment and executed the letter of intent on August 9, 2019 and submitted additional medical staff application materials on or before August 19, 2019.

23. In August 2019, Dr. Wise was informed that UMMS' credentialing process would take 3-4 months.

24. Dr. Wise was given a start date of December 21, 2019 by UMMS.

25. Dr. Wise participated in an online orientation program with UMMS in or around September 2019.

26. Dr. Wise had photographs taken for his UMMS identification badge in or around September 2019.

27. On or around October 11, 2019, Dr. Wise resigned from his position at SUN Hospital, where his annual salary was $310,000 per year.

28. On or about October 17, 2019, Dr. Wise received a phone call from Dr. Huffner at UMSME.

29. Dr. Huffner informed Dr. Wise that he intended to obstruct Dr. Wise's ability to obtain hospital privileges because "[Dr. Wise had] taken the Board [exam] too many times and had too many past jobs" and "had charting difficulties."

30. Dr. Wise replied, "how many jobs can a Black man have?"

31. Dr. Huffner demanded that Dr. Wise rescind his application with UMMS and threatened that if Dr. Wise failed to do so, he—Dr. Huffner—would report Dr. Wise to the National Practitioner Data Bank for not having received credentialing.

32. The number of times and frequency with which a physician can undergo the process to obtain Board Certification by the American Board of Psychiatry and Neurology ("ABPN") is set by ABPN.

33. Dr. Wise has not run afoul of the ABPN rules concerning the process of obtaining Board Certification and remains eligible to continue to undergo that process.

34. Board Certification from the ABPN is not required for a physician to practice psychiatry and was not required according to any of the application materials Dr. Wise received from or submitted to UMMS.

35. Dr. Wise has practiced medicine for over 20 years and has held numerous jobs during that time. Many of those jobs have been atypically high-volume.

36. On November 25, 2019, Dr. Wise sent an email to Dr. Huffner inquiring about the status of his application.

37. Also on November 25, 2019, Dr. Huffner responded to Dr. Wise stating that Dr. Wise's application was considered incomplete because:

   a. Fourteen former employers of Dr. Wise were allegedly not responding to UMMS' requests for verification of employment and

   b. Dr. Wise's Board Certification status was unclear to UMMS.

38. At all times, it was UMMS' responsibility to obtain employment verification from Dr. Wise's previous employers.

39. On information and belief, UMMS did not make a good faith effort to contact several of Dr. Wise's previous employers.

40. On December 10, 2019, Dr. Wise again emailed Dr. Huffner concerning the status of his application.

41. Also on December 10, 2019, Dr. Huffner replied to Dr. Wise stating that his application would not move forward as it was considered incomplete.

42. On or around December 30, 2019, UMMS allowed Dr. Wise's application to expire or "time out."

43. Between December 10, 2019 and January 10, 2020, UMMS added a requirement of Board Certification to the prerequisites to apply for the position(s) Dr. Wise was previously offered by the Defendant.

44. In or around January 2020, the Defendant hired Dr. Laurence Pezor for the position(s) Dr. Wise was previously offered at UMSME.

45. On information and belief, Dr. Pezor's race is white.

46. On information and belief, Dr. Pezor has fewer qualifications for the position(s) at issue than Dr. Wise. Most notably, the position at issue is in an adult psychiatric hospital unit serving patients between the ages of 17 and 90+.

47. Dr. Wise has extensive experience and post-graduate education and training in adult and geriatric psychiatry.

48. The majority of Dr. Pezor's education and training, by contrast, is in child and adolescent psychiatry.

49. On information and belief, Dr. Pezor does not meet the requirements for clinical privileges at USMSE in geriatric psychiatry as they were presented to Dr. Wise during Dr. Wise's application process at UMMS.

50. In sum, the facts demonstrate that UMMS discriminated against Dr. Wise (1) by threatening to obstruct his ability to obtain hospital privileges—a necessary condition of his offered employment—and report him to the National Practitioner Data Bank under false pretenses and (2) by constructively withdrawing an offer of employment resulting in a failure to hire Dr. Wise. UMMS allowed Dr. Wise's application to expire and offered the position at issue to a less qualified white candidate when such a candidate became available, further evidencing UMMS' disparate treatment toward Dr Wise based on race.

51. When UMMS constructively withdrew Dr. Wise's offer of employment, Dr. Wise was left with a substantially reduced income of approximately $5,000 per month for about five months from contract work before beginning to earn again as an employee at a much lower salary than he would have received at UMMS.

52. As a result of UMMS' illegal discrimination against Dr. Wise based on his race, Dr. Wise has experienced a significant loss of income and career opportunities as well as severe emotional distress.

53. UMMS' discriminatory conduct caused and continues to cause Dr. Wise to incur costs, which he will seek from UMMS.

54. Further, Title VII allows Dr. Wise to recover his reasonable attorneys' fees and costs.

55. UMMS has intentionally, willfully, and wantonly discriminated and retaliated against Dr. Wise in violation of Title VII.

56. The aforementioned acts and conduct by Defendant, its agents and employees were intentional, willful, wanton, and malicious.

## **CLAIMS FOR RELIEF**

### **COUNT I**
### **(TITLE VII DISCRIMINATION)**

57. Paragraphs 1-56 are repeated and realleged the same as though pleaded in full.

58. The above acts and practices of the Defendant constitute unlawful discriminatory employment practices within the meaning of Title VII.

59. As a result of Defendant's discriminatory acts, the Plaintiff has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation, as well as professional harm, unless and until the Court grants relief.

WHEREFORE, Plaintiff requests that this Court enter a judgment:

    a.    Declaring that the acts and practices complained of herein are in violation of Title VII;

    b.    Enjoining and permanently restraining these violations of Title VII;

    c.    Directing Defendant to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated;

    d.    Requiring Defendant to stop discriminating against Black candidates for employment;

    e.    Directing Defendant to place Plaintiff in the position he would have occupied, but for Defendant's discriminatory treatment of him, and make him whole for all earnings he would have received but for Defendant's discriminatory treatment, including, but not limited to, wages and other lost benefits;

    f.    Awarding Plaintiff compensatory damages;

      g.      Awarding Plaintiff punitive damages;

      h.      Awarding Plaintiff the costs of this action together with reasonable attorneys' fees, as provided by Title VII;

      i.      Directing Defendant to pay Plaintiff compensatory damages and damages for his mental anguish and humiliation and professional harm; and

      j.      For any and all other equitable and legal relief to which Plaintiff appears entitled.

## REQUEST FOR JURY TRIAL

Plaintiff, pursuant to Maryland Rule 2-325, prays a trial by jury on all issues.

Date:   July 27, 2022

Respectfully submitted,

SMITHEY LAW GROUP LLC

      /s/ Reuben W. Wolfson
Joyce E. Smithey, Esq. (CPF # 0406150286)
Reuben W. Wolfson, Esq. (CPF # 1212130309)
Lauren E. Agresti, Esq. (CPF # 1612130019)
706 Giddings Avenue, Suite 200
Annapolis, Maryland 21401
(410) 919-2990
joyce.smithey@smitheylaw.com
reuben.wolfson@smitheylaw.com
lauren.agresti@smitheylaw.com

*Attorneys for Plaintiff, Larry Wise*