IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DR. LARRY WISE, | * | |
| Plaintiff, | * | |
| v. | * | Civ. No. JKB-22-3292 |
| UNIVERSITY OF MARYLAND MEDICAL SYSTEM CORPORATION, | * | |
| | * | |
| Defendant. | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

The Court previously granted summary judgment in this Title VII case in favor of Defendant University of Maryland Medical System Corporation ("UMMS") and closed this case. (ECF Nos. 54, 55.) Plaintiff Dr. Larry Wise has filed a Motion for Amendment of Summary Judgment. (ECF No. 56.) The Plaintiff's Motion will be denied.

The Court granted summary judgment in favor of the Defendant. (*See generally* ECF Nos. 54, 55.) The Court first concluded that University of Maryland Shore Regional Health ("UM Shore Regional")—not Defendant UMMS—was Plaintiff's employer for Title VII purposes, and that summary judgment would be granted in UMMS's favor for that reason alone. (ECF No. 54 at 11.) The Court went on to explain that, even if Defendant UMMS was Plaintiff's employer for Title VII purposes, summary judgment would be granted in favor of the Defendant because there was no genuine dispute of material fact, and no reasonable juror could conclude that Plaintiff suffered an adverse employment action due to his race. (*Id.* at 12–16.)

In his pending Motion, Plaintiff contends that the Court's prior Memorandum and Order denying him summary judgment should be amended "on the ground that the Plaintiff is clearly

identified as an employee of University of Maryland Medical System (UMMS) by their own accounting." (*Id.*) He argues that the Court's prior Memorandum and Order should be corrected and that "case reinstatement should be granted." (*Id.*)

The Court will assess this Motion under Federal Rule of Civil Procedure 59(e). *See Katyle v. Penn Nat. Gaming, Inc.*, 637 F.3d 462, 471 n.4 (4th Cir. 2011) ("The Federal Rules of Civil Procedure do not provide for a postjudgment 'motion for reconsideration.' Rather, they provide for a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from judgment."). The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998).

Plaintiff's arguments do not meet the high bar for amending a judgment. Plaintiff provides documentation that he argues supports his argument and contention that UMMS and UM Shore Regional are the same entity. First, nothing in the documents provided by the Plaintiff supports this argument. Second, even if they did, the Court previously explained that summary judgment in Defendant UMMS's favor was warranted even if it were properly named as the defendant in this matter. Plaintiff's Motion will be denied.

Accordingly, it is ORDERED that:

1. Plaintiff's Motion for Amendment of Summary Judgment (ECF No. 56) is DENIED.

2. The Clerk is DIRECTED to close this case.

3. The Clerk is DIRECTED to mail a copy of this Memorandum and Order to Plaintiff Dr. Larry Wise.

DATED this __24__ day of January, 2024.

BY THE COURT:

_____
James K. Bredar
Chief Judge
