## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

DR. LARRY WISE,                              *

    Plaintiff,                            *

       v.                               *            Civ. No. JKB-22-3292

UNIVERSITY OF MARYLAND                       *
MEDICAL SYSTEM CORPORATION,
                                             *
    Defendant.

   *   *   *   *   *   *   *   *   *   *   *   *

## MEMORANDUM AND ORDER

Plaintiff Dr. Larry Wise, who proceeds pro se, filed suit against Defendant University of Maryland Medical System Corporation alleging discriminatory failure to hire based on race in violation of Title VII of the Civil Rights Act of 1964. Upon cross motions for summary judgment, the Court granted Defendant's motion, denied Plaintiff's motion, and closed the case in January 2024. (ECF No. 57.) The case was reopened when Plaintiff filed the now-pending "Plaintiff's Rule 60(B)(2)(3) Motion for Relief from Final Judgment & Request for a Jury Trial." (ECF No. 58.) The Motion will be denied, and the case will again be closed.

### I.   Legal Standard

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>     (1) mistake, inadvertence, surprise, or excusable neglect;
>     (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); [and]
>     (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party[.]

Fed. R. Civ. P. 60(b).

"To prevail [on a Rule 60(b) motion], a party must first demonstrate (1) timeliness, (2) a meritorious defense, (3) a lack of unfair prejudice to the opposing party, and (4) exceptional circumstances. Once a party has met this threshold, he must then show that he qualifies for relief under one of the six specific categories listed in Rule 60(b)." *Justus v. Clarke*, 78 F.4th 97, 105–06 (4th Cir. 2023).

## II.    Analysis

Plaintiff's Motion is an attempt to relitigate the previously-decided motions for summary judgment, and will be denied. Plaintiff does not establish that there has been "mistake, inadvertence, surprise, or excusable neglect", "newly discovered evidence that, with reasonable diligence, could not have been discovered" previously; or "fraud."[1]

Plaintiff's Motion raises essentially the same arguments that he raised in his previously-denied motion for summary judgment. In short, he disagrees with the Court's ruling and seeks a different outcome. This is improper, and his Motion will be denied on this basis alone. *See CNF Constructors, Inc. v. Donohoe Const. Co.*, 57 F.3d 395, 401 (4th Cir. 1995) ("[W]here a motion is for reconsideration of legal issues already addressed in an earlier ruling, the motion "is not authorized by Rule 60(b)."); *Saunders v. City of Petersburg Police Dep't*, 158 F. App'x 491 (4th

---

[1] Plaintiff also fails to establish the threshold requirements of timeliness, a meritorious defense, lack of unfair prejudice, and exceptional circumstances. For instance, with respect to timeliness, Rule 60(c) provides that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Although Plaintiff did file the Motion within a year of the entry of judgment—judgment was entered on January 24, 2024 and he filed the Motion on December 11, 2024—that nearly a year passed is not reasonable. *See Williams v. Tero Tek Int'l, Inc.*, Civ. No. JKB-10-2752, 2013 WL 1156055, at *1 (D. Md. Mar. 20, 2013), *aff'd*, 530 F. App'x 281 (4th Cir. 2013) (explaining that the one-year "time limit is merely the outer limit within which such a motion may be presented"); *Davis v. United States*, Crim. No. 19-00093-RJC-DCK-1, 2024 WL 4354713, at *4 (W.D.N.C. Sept. 30, 2024) ("The Fourth Circuit has held on several occasions that a Rule 60(b) motion is not timely brought when it is made three to four months after the original judgment and no valid reason is given for the delay." (citation and internal quotation marks omitted).) Plaintiff presents no reason for this nearly one-year delay, and the Court cannot discern one.

However, Defendants focus on Plaintiff's failure to establish any of the Rule 60(b) categories, and so too will the Court.

2

Cir. 2005) ("Rule 60(b) may not be used to relitigate claims already decided by the court[.]").

Plaintiff presents no "mistake, inadvertence, surprise, or excusable neglect." Liberally construed, Plaintiff raises a claim of "mistake" based upon the Court's use of the well-established *McDonnell-Douglas* framework. (*See* ECF No. 58 at 1, 6.) Plaintiff contends that the Court should have used the "convincing mosaic" standard. (*Id.*) While a "mistake" under Rule 60(b) includes "all mistakes of law made by a judge," *Kemp v. United States*, 596 U.S. 528, 534 (2022), the Court made no mistake of law. Courts in the Fourth Circuit do not use the "convincing mosaic" standard. *See Christian v. S.C. Dep't of Labor Licensing & Regulation*, 651 F. App'x 158, 163 (4th Cir. 2016) (explaining that there is little difference between the *McDonnell Douglas* framework and the Seventh Circuit's "convincing mosaic" framework and explaining that "we see no reason to adopt the [convincing mosaic] formulation that [plaintiff] advances here."). To the extent that Plaintiff asserts that the Court made mistakes in assessing the facts, Plaintiff is simply disagreeing with the Court's outcome and does not carry his burden of establishing any mistake.

Plaintiff also appears to assert that he is in possession of newly discovered evidence. However, to assert such an argument, Plaintiff must demonstrate:

> (1) the evidence is newly discovered since the judgment was entered; (2) due diligence on the part of the movant to discover the new evidence has been exercised; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material; and (5) the evidence is such that is likely to produce a new outcome if the case were retried, or is such that would require the judgment to be amended.

*Boryan v. United States*, 884 F.2d 767, 771 (4th Cir. 1989). As Defendants point out, the facts on which Plaintiff relies in his Motion are the same as those he relied upon in his motion for summary judgment, and—save two exhibits—the exhibits Plaintiff attaches to his Motion were also attached to his motion for summary judgment. Further, Plaintiff does not meet any prong of the above-referenced test. Critically, none of the evidence would produce a new outcome in this case. For

instance, Plaintiff attaches information regarding another psychiatrist who was allegedly less qualified than him. However, Plaintiff raised arguments regarding this very psychiatrist in his motion for summary judgment. (ECF No. 50 at 4.)

Finally, to the extent Plaintiff asserts that the Court's prior judgment should be vacated based upon fraud, he has not demonstrated fraud. Plaintiff simply asserts that "Defendant committed fraud to discriminate against Plaintiff" and references "document fraud by Dr. Huffner." (ECF No. 58 at 1.) This is plainly insufficient.

### III.    Conclusion

For the foregoing reasons, it is ORDERED that:

1.  Plaintiff's Rule 60(B)(2)(3) Motion for Relief from Final Judgment & Request for a Jury Trial (ECF No. 58) is DENIED;

2.  The Clerk is DIRECTED to MAIL a copy of this Memorandum and Order to Plaintiff; and

3.  The Clerk SHALL CLOSE this case.


DATED this ___6___ day of February, 2025.

BY THE COURT:

_____
James K. Bredar
United States District Judge